STATE OF NEBRASKA, APPELLEE, V. THEODORE W. PARSONS, JR.,
APPELLANT.

412 N.W.2d 480

Filed September 18, 1987.   No. 86-934.

J. William Gallup, for appellant.

Robert M. Spire, Attorney General, and Steven J. Moeller, for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

WHITE, J.

This is an appeal from the district court for Douglas County. The appellant, Theodore W. Parsons, Jr., waived a jury trial and was found guilty of first degree murder and the use of a firearm to commit a felony for the killing of Burke High School teacher Jill Garlock. Appellant was sentenced to life imprisonment for the first degree murder conviction and a consecutive sentence of 5 years on the firearm conviction. This appeal follows.

The appellant met the deceased in the summer of 1979 while he was stationed at Offutt Air Force Base. The two became romantically involved later that year, living together on and off from that time on. In 1985 the appellant was transferred to Scott Air Force Base, located in Belleville, Illinois, and was stationed there at the time of the offense which gave rise to this case.

On April 9, 1986, Parsons and Garlock had a particularly serious argument on the telephone, during which the deceased informed him that she wished to terminate their relationship. At about 12:30 in the morning of April 10, Parsons left Scott Air Force Base and drove to Omaha with the hope of reconciling with Garlock. He arrived in Omaha at 8:30 or 9 a.m. and went directly to Garlock's house, where, knowing that she would not be home until approximately 10 o'clock that night, he parked his car in her garage and slept for several hours. After awakening, Parsons went out, and returned to Garlock's home at approximately 3:30 or 4 p.m. At that time he parked his car away from the home, fearing that the deceased would not return home if she knew he was at the house. Parsons possessed a key to the home and a remote-control garage door opener. Parsons again left, for dinner, and returned, again parking his car some distance from the Garlock residence. The deceased returned home around 10:15 p.m.

Parsons stated that the victim called someone when she returned home, during which time he waited upstairs. At this time Garlock did not know he was in her home. Parsons went downstairs after she got off the telephone and found her asleep on the couch. He woke her, and the two began to argue. Parsons stated that Garlock was very angry that he had come to Omaha. The two argued for some time, and finally Garlock stated that she was tired and wanted to go to bed. She reiterated that their relationship was over. Parsons said that he told the victim that he now had nothing to look forward to, to which she allegedly asked why he did not kill himself. Parsons stated that he told the deceased that he had considered suicide and asked her if his suicide would bother her. She answered no. The argument continued in her bedroom, ending when Garlock went to bed. Parsons then went across the hall to another bedroom, where he had left his belongings. He retrieved his .357 Magnum, returned to Garlock's room where she was sleeping, and shot and killed her. Jill Garlock died as a result of this single gunshot wound to her head.

The body of the victim was discovered on the morning of April 11 by a Burke High School assistant principal. The appellant was arrested upon his return to Scott Air Force Base,

and later confessed to the murder.

On appeal, the appellant assigns as error that the district court erred in refusing to grant his motions to dismiss both at the close of the State's case and at the conclusion of the trial. Appellant also assigns as error the lower court's admitting into evidence photographs of the victim's body and a tape recording of a conversation between the victim and the dispatcher of the Nebraska State Patrol. We affirm.

Addressing his first assignment of error, Parsons argues that there was insufficient evidence to support a conviction of first degree murder. Taking the evidence in the light most favorable to the State, *State v. West*, 223 Neb. 241, 388 N.W.2d 823 (1986), we find that there is sufficient evidence to support the verdict.

The appellant centers his argument around the testimony of the officers who interrogated him and to whom he stated that he waited until the deceased was asleep before shooting her. The record reveals that Parsons stated that he waited so that Garlock would not feel any pain. The evidence shows that Parsons had to go across the hall to retrieve his gun from another bedroom, where he had left his belongings. Parsons testified that he watched the victim cry for a little while and went to get the gun to see her reaction to his putting the gun to his head. Parsons never woke the victim before he fired. The appellant admits that he hid his presence from the victim until sometime after she returned home by parking his car away from the Garlock residence and by remaining upstairs while the victim was on the phone. Parsons also stated that when entering the deceased's bedroom with the gun, he kept the weapon hidden behind his back. At trial a psychiatrist testified that although the appellant's actions showed impulsiveness, they also illustrated some deliberation, noting the single, aimed gunshot to the victim's head. This evidence, if believed by the trier of fact, is sufficient to support a conviction of first degree murder. *State v. El-Tabech*, 225 Neb. 395, 405 N.W.2d 585 (1987).

Appellant also argues that the testimony of the officers is inherently unreliable, as the notes taken at the interrogation were destroyed, thereby eliminating cross-examination of the

testimony. In *El-Tabech*, we stated:

> [T]he Supreme Court will not resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence. Such matters are for the trier of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it.

*Id.* at 405, 405 N.W.2d at 592. This assignment of error is without merit.

The appellant's next assignment of error alleges that a taped conversation between the deceased and the dispatcher for the Nebraska State Patrol was improperly admitted into evidence, arguing that the district court was unduly influenced by the tape. The tape consists of a conversation during which the victim asks the help of the State Patrol in locating her boyfriend, identified as Ted Parsons, en route from Illinois to Omaha. The victim is noticeably upset and expresses concern for her welfare.

It is axiomatic that the trial court is given broad discretion in the admission of evidence, and such rulings will not be overturned on appeal absent a showing of an abuse of discretion. *State v. Threet*, 225 Neb. 682, 407 N.W.2d 766 (1987). In cases in which there is no jury, there is a presumption that only competent, relevant evidence is considered. *State v. Thierstein*, 220 Neb. 766, 371 N.W.2d 746 (1985). The assignment is without merit.

Finally, Parsons argues that certain pictures of the victim were incorrectly admitted into evidence and unduly influenced the judge in his deliberations. The pictures at issue include: (1) a photo of the victim at the scene, showing head and hand wounds; (2) a photo of the victim at the scene, showing lividity; (3) a photo of the victim at the scene, showing the exit wound; (4) a photo of the victim at the scene, showing the entrance wound and markings from the powder burns; (5) a photo of the bedding, before the victim was removed, showing the path of the bullet; (6) a photo of the top pillow, before the victim was removed, showing the bullet hole; (7) a photo of the victim's head and hand, showing the hand wound; (8) a photo of the victim's body supine on the morgue stretcher; (9) a photo of

the entrance wound, with the area cleaned; (10) a photo of the exit wound, with the area cleaned; and (11) a photo of the hand wound, with the area cleaned.

The appellant bases his argument on a comment by the district court judge that he considered the evidence in the case until 4:30 a.m., arguing that the photos were prejudicial and were incorrectly used in the court's deliberations. As noted above, we presume that the court considered only competent and relevant evidence in its deliberations. *State v. Thierstein, supra.* The appellant has not shown otherwise.

Photos of the victim in a murder case are admissible, even if gruesome, if proper foundation is laid and they are received into evidence to show the condition of the body or the nature and extent of the wounds; to establish malice or intent, particularly in conjunction with the examining pathologist's testimony; or for purposes of identification. *State v. West,* 223 Neb. 241, 388 N.W.2d 823 (1986); *State v. Jones,* 217 Neb. 435, 350 N.W.2d 11 (1984). The gruesome nature of photos alone will not keep them from the trier of fact, so long as the probative value is not outweighed by the prejudicial effect. *State v. Lynch,* 215 Neb. 528, 340 N.W.2d 128 (1983). The photos were admitted for the above purposes, and we cannot say that the photos were unduly prejudicial or that their probative value was outweighed by their prejudicial effect. The appellant has not shown that the district court abused its discretion in admitting the photos. *State v. Threet, supra.* This assignment is also without merit.

AFFIRMED.